1  STEVEN A. GROODE, Bar No. 210500
   HEATHER M. DAVIS, Bar No. 239372
2  LITTLER MENDELSON, P.C.
   2049 Century Park East, 5th Floor
3  Los Angeles, CA  90067.3107
   Telephone:  310.553.0308
4  Fax No.:    310.553.5583

5  Attorneys for Defendant
   PETSMART, INC.

```
            FILED
  CLERK, U.S. DISTRICT COURT

        MAR 2 8 2013

  CENTRAL DISTRICT OF CALIFORNIA
  BY                      DEPUTY
```

6

7

8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

11  CASSANDRA PACE, as an individual      Case No.  SACV13-0500 DOC(RNBx)
12  and on behalf of all others similarly
    situated,                             DEFENDANT'S NOTICE OF
13                                        REMOVAL TO FEDERAL
                  Plaintiff,              COURT
14
         v.                              [28 U.S.C. §§ 1332, 1441, 1446]
15
    PETSMART, INC., a Delaware           (Complaint filed: February 20, 2013,
16  corporation; and DOES 1 through 50,   Orange County Superior Court)
    inclusive,
17
                  Defendants.
18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
  W. San Fernando, 15th Floor
San Jose, CA 95113.2303
    408.998.4150

FIRMWIDE:119277009.2 037653.1386

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
2   CENTRAL   DISTRICT   OF   CALIFORNIA,   PLAINTIFF,   AND   HER
3   ATTORNEYS OF RECORD:

4        PLEASE TAKE NOTICE that Defendant PetSmart, Inc. ("Defendant") by and
5   through its undersigned counsel, contemporaneously with the filing of this Notice,
6   hereby effect removal of the above-referenced action from the Superior Court in the
7   State of California for Orange County to the United States District Court for the
8   Central District of California.  This removal is based on 28 U.S.C. sections 1332,
9   1441 and 1446 and, specifically, on the following grounds:

10                  **STATEMENT OF JURISDICTION**

11        This Court has original jurisdiction over this action pursuant to the Class Action
12   Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1332(d).  CAFA grants district
13   courts original jurisdiction over civil class actions filed under federal or state law in
14   which any member of a class of plaintiffs is a citizen of a state different from any
15   defendant, and where the amount in controversy for the putative class members in the
16   aggregate exceeds the sum or value of $5 million, exclusive of interest and
17   costs.  CAFA authorizes removal of such actions in accordance with United States
18   Code, title 28, section 1446.  Here, as set forth below, this case meets all of CAFA's
19   requirements for removal because the proposed class contains at least 100 members,
20   there is diversity between at least one class member and one defendant and the amount
21   in controversy for all class members exceeds $5 million. *See* 28 U.S.C. § 1332(d).

22                            **VENUE**

23        The  action  was  filed  in  the  Superior  Court  of  California  for  Orange
24   County.  Venue properly lies in the United States District Court for the Central
25   District of California because it is the district court where the state court action is
26   pending. *See* 28 U.S.C. §§ 84(c), 1391(a), 1441(a).

27

28

## STATUS OF THE PLEADINGS

1       This lawsuit arises out of Plaintiff Cassandra Pace's ("Plaintiff") employment with Defendant. On February 20, 2013, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Cassandra Pace, as an individual and on behalf of all others similarly situated, vs. PETSMART, INC., A Delaware corporation; and DOES 1 through 50, inclusive, Defendants* (the "Complaint"). True and correct copies of the Summons and Complaint are attached to this Notice as **Exhibit "A"** pursuant to 28 U.S.C. §1446(a).

      The Complaint asserts claims for relief for Violation of California Labor Code §§ 201 and 203 (Final Wages Not Timely Paid). (Complaint; **Exhibit "A"**).

      On March 27, 2013, Defendant filed an Answer to Plaintiff's Complaint pursuant to California Code of Civil Procedure section 431.30 in the Orange County Superior Court. A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached hereto as **Exhibit "B"** pursuant to 28 U.S.C. §1446(a).

      Attached hereto as **Exhibit "C"** are true and correct copies of all other documents filed with the Superior Court of Orange County pursuant to 28 U.S.C. § 1446(a).

      To Defendant's knowledge, no other pleadings, process or orders related to this case have been filed with the Superior Court for the County of Orange.

## NOTICE TO STATE COURT AND PLAINTIFFS' COUNSEL

      Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to Plaintiff's Counsel of Record – Larry W. Lee, Daniel H. Chang of the Diversity Law Group, P.C. and Dennis S. Hyun of Hyun Legal, APC - and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for Orange County as required by 28 U.S.C. §1446(d).

ITTLER MENDELSON, P.C.
W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

## TIMELINESS OF REMOVAL

A notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint). Here, Plaintiff filed her Complaint in Superior Court of the County of Orange on February 20, 2013. It was served on February 27, 2013. (A true and correct copy of the proof of service is attached as **Exhibit D**). This Notice of Removal is being removed within 30 days of the service of the Summons and Complaint. As such, this Notice of Removal is timely.

## CAFA JURISDICTION

CAFA grants federal district courts original jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice. Specifically, this Court has jurisdiction over this case under CAFA because it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state official or other governmental entity; (3) there is diversity between at least one class member and the Defendant; and (4) the amount in controversy for all class members exceeds $5 million.

### The Proposed Class Contains More Than 100 Members.

As set forth in her Complaint, Plaintiff pursues her alleged claims on behalf of herself and all similarly situated employees," which she ostensibly defines as:

(1) "[a]ll employees who were employed by Defendants in the State of California at any time from February 20 2010, through the present … whose

ITLER MENDELSON, P.C.
V. San Fernando, 15th Floor
an Jose, CA 95113.2303
408.998.4150

1 employment was separated for any reason (voluntary or involuntary), including
2 without limitation, resignation, termination, and/or lay-off "Class");

3       (2) "all former employees employed by Defendants in the State of
4 California at any time from February 20, 2010, through the present, whose
5 employment was separated for any reason (voluntary or involuntary), including
6 without limitation, resignation, termination, and/or lay-off, and upon their separation
7 of employment received their final wages in the form of an ATM card (the "ATM
8 Card Sub-Class'); and

9       (3) "all commissioned employees who were employed by Defendants in
10 the State of California at any time from February 20, 2010, through the present, whose
11 employment was separated for any reason (voluntary or involuntary), including
12 without limitation, resignation, termination, and/or lay-off, and who received any of
13 their commissions [sic] wages after their separation of employment (the "Commission
14 Sub-Class").   (Compl. ¶ ¶ 17(a)-(c); **Exhibit "A"**).

15    The proposed definition of the Class as alleged by Plaintiff, consists of at least
16 6,000 individuals who were employed by Defendant.   (Declaration of Cheryl
17 Coulombe in Support of Defendant's Removal ("Coulombe   Decl."), ¶ 10).

18                   **Defendant Is Not A Governmental Entity.**

19    Defendant is not a state, state official or any other governmental entity.

20               **CAFA Diversity Of Citizenship Exists.**

21    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any
22 member of a class of plaintiffs is a citizen of a State different from any defendant." 28
23 U.S.C. §§ 1332(d)(2)(A); 1453(b).   In a class action, only the citizenship of the named
24 parties is considered for diversity purposes and not the citizenship of the class
25 members.   *Snyder v. Harris,* 394 U.S. 332, 339-40 (1969).   Minimal diversity of
26 citizenship exists here because Plaintiff and Defendant are citizens of different states.

27    During the course of her alleged employment with Defendant, Plaintiff worked
28 in Tustin, California.   (Coulombe   Decl. ¶ 9).   To Defendant's knowledge, as based

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

1   on its personnel records, throughout the time Plaintiff worked for Defendant she was

2   domiciled in the State of California. (Coulombe Decl. ¶ 9).  Accordingly, Plaintiff is a

3   citizen of the State of California. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857

4   (9th Cir. 2001) (a person's domicile is the place he or she resides with the intention to

5   remain).

6          In addition, Plaintiff seeks to represent similarly situated employees who

7   currently or previously worked for Defendant within the State of California.  (Compl.,

8   ¶ 17).

9          Defendant was at the time of the filing of this action, and still is, a corporation

10  incorporated under the laws of the State of Delaware, having its principal place of

11  business in Phoenix, Arizona. (Coulombe Decl., ¶¶ 4-7).  Thus, Defendant is a citizen

12  of Delaware and Arizona and not California. 28 U.S.C. §§ 1332(a)(1), (c)(1).

13         For purposes of § 1332, a corporation is deemed to be a citizen of any State by

14  which it has been incorporated and of the State where it has its principal place of

15  business. *See* 28 U.S.C. § 1332(c)(1).  As recently clarified by the United States

16  Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181; 175 L. Ed. 2d

17  1029 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the

18  place where a corporation's high level officers direct, control, and coordinate the

19  corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its

20  corporate headquarters."

21         Specifically, all of Defendant's corporate functions are conducted and based in

22  Arizona, including administrative support functions that are important to Defendant's

23  strategic leadership and day-to-day operations. (Coulombe Decl. at ¶ 6).   All of

24  Defendant's senior executive team is based in its corporate headquarters office in

25  Phoenix, Arizona.  (Coulombe Decl. at ¶ 5).   For this reason, the Arizona location is

26  considered to be corporate headquarters and the "home office" for Defendant from

27  which senior leadership directs, controls and coordinates Defendant's corporate

28  activities. (Coulombe Decl. at ¶5-6).

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

1  Defendants Does 1 through 10 are fictitious. (Compl., ¶ 12).  The Complaint
2  does not set forth the identity or status of any of said fictitious defendants.  Pursuant to
3  28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be
4  disregarded for the purpose of determining jurisdiction and cannot destroy the
5  diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors*
6  *Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

7  Accordingly, Plaintiff is a citizen of California, Defendant is incorporated in
8  and has its principal place of business outside of California, and, therefore, the
9  minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

10  **The Amount In Controversy Exceeds $5,000,000.**

11  "Under CAFA the burden of establishing removal jurisdiction remains, as
12  before, on the proponent of federal jurisdiction." *Abrego v. Dow Chemical Co.*, 443
13  F.3d 676, 685 (9th Cir. 2006).  The precise burden of proof that is placed on a
14  removing defendant, however, varies depending upon the pleadings. *Guglielmino v.*
15  *McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007).  When the complaint
16  affirmatively alleges *in good faith* that the amount in controversy is less than the
17  jurisdictional threshold, "the party seeking removal must prove with legal certainty
18  that CAFA's jurisdictional amount is met." *Id.*; *Lowdermilk v. U.S. Bank National*
19  *Ass'n*, 479 F.3d 994, 999-1000 (9th Cir. 2007).

20  On the other hand, where, as here, the complaint is silent on the amount in
21  controversy, the preponderance of the evidence standard applies.  Here, Plaintiff's
22  Complaint does not allege that the class claims at issue are less than the $5 million
23  threshold, which means that Defendant is only required to demonstrate that the
24  amount in controversy exceeds federal jurisdictional requirements by a
25  "preponderance of the evidence." *See Guglielmino*, at 699, 701.  Therefore, the legal
26  preponderance standard applies for purposes of determining the amount in controversy
27  under CAFA.

28

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). In addition to the contents of the removal petition, the Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer*, 116 F.3d at 377. Defendant is not obliged to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994).

In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee*, 408 F. Supp. 2d at 986; *see also Scherer v. Equitable Life Assurance Society of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

Although Defendant expressly denies any liability for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must look to the allegations of Plaintiff's Complaint and presume that Plaintiff will prevail on her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability"). Put differently, "[t]he amount in controversy is simply an estimate of the total amount in

dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

The CAFA authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds five million dollars ($5,000,000). *See* 28 U.S.C. § 1332(d). Here, the Complaint places more than five million dollars in controversy. While Defendant denies Plaintiff's claims of wrongdoing and denies her request for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of wages, penalties, attorneys' fees, and other monetary relief at issue in this action is in excess of this Court's jurisdictional minimum, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied).

Plaintiff asserts claims for herself and the putative class for alleged unpaid wages, statutory penalties and attorneys' fees, based on allegations that Defendant has violated (and/or that Plaintiff and the putative class are entitled to wages and/or penalties under) Labor Code sections 201, 202 and 203. (Compl., *passim*; **Exhibit "A"**).

Plaintiff asserts the relevant time periods covering the claims at issue in this case is from February 20, 2010 (for the putative class) through the date of the filing of the Complaint, February 20, 2013 the. (Compl., pp. 3-4; **Exhibit "A"**).

Plaintiff's claims are based on the allegation that Plaintiff and the putative class members were denied timely payment upon their termination. Plaintiff specifically alleges that the class members' claims against Defendant involve questions of common facts and law, in that each was employed by Defendant and each was not paid timely paid wages owed. (Compl., *passim*.) Defendant denies Plaintiff's claims.

Plaintiff seeks to recover under California Labor Code section 203, which provides for waiting time penalties for employees who were not paid all wages upon

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

their separation, and whose employment with Defendant was separated within three years preceding the filing of Plaintiff's Complaint. The maximum penalty authorized under Labor Code section 203 is 30 days of wages per employee. *See* CAL. LAB. CODE § 203.

Plaintiff claims that she is a former employee whose employment was terminated in August 2012. (*Id.*) Plaintiff alleges that she still has not been paid her final wages. (*Id.*) Therefore, as of the filing of the Complaint, February 20, 2013, and as of the date of this removal, there were more than 30 days between her date of termination and the filing of this action when she claims she was not paid her final wages.[1] Defendant denies the validity and merit of Plaintiff's waiting time penalty claims on behalf of the Class. However, for purposes of removal only, Defendant assesses the potential amount in controversy by applying the maximum penalty authorized by statute because Plaintiff therefore alleges that her claims are typical of the Class. (Compl., ¶ 24).

Since February 20, 2010, at least 6,000 employees ceased employment with Defendant. (Coulombe  Decl., ¶ 10).  Between February 20, 2010 and the present, putative class members earned between $8.00 per hour and $40.87 per hour as an hourly wage. (Coulombe  Decl., ¶ 11). Using lowest rate of pay of $8.00, the average daily wage for each day would be $64.00 per day ($8.00 x 8).  Aggregating this daily wage for the maximum penalty of 30 days for 6,000 individuals who separated from Defendant since February 20, 2013, equals $11,520,000 in waiting time penalties ($64.00 x 30 x 6,000).[2]

---

[1] In fact, Plaintiff was terminated on September 13, 2012 (Coulombe Decl., ¶ 9); however, for purposes of this calculation, there is more than 30 days between Plaintiff's alleged date of termination and her actual date of termination to create an allegation that the maximum penalty applies to her 203 claim.

[2] Although it is appropriate to calculate the amount in controversy based on the 30-day maximum penalty available to the putative class based on Plaintiff's own allegations, even if this Court were to assume that an extremely conservative average of something less than the 30-day maximum applied, or used an average of a 15-day penalty for the entire class rather than the maximum available, the result clearly is still

1    This estimate is far more than conservative than the actual hourly rate for the

2    putative class because of the 6,000 putative class members, only 11 class members of

3    earned an hourly rate of $8.00, with the remaining putative class members earning

4    more than that amount. (Coulombe  Decl., ¶ 12).

5        This figure does not take into account any additional compensation owed to the

6    Commission Subclass. Between February 20, 2010 and February 20, 2013, Defendant

7    employed 727 putative class members who earned additional compensation in the

8    form of commissions.  (Coulombe  Decl., ¶ 13).

9        The amount in controversy, a very conservative estimate of the amount in

10   controversy is $11,520,000 in addition to other potentially recoverable interest, and

11   attorneys' fees also sought by Plaintiff.

12       Moreover, Plaintiff seeks attorneys' fees and costs in her Complaint pursuant to

13   Labor Code sections 203.  It is well settled that, in determining whether a complaint

14   meets the amount in controversy requirement, the Court should consider the aggregate

15   value of claims for damages *as well as* attorneys' fees.  *See, e.g., Galt G/S v. JSS*

16   *Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken

17   into account to determine jurisdictional amounts).  In California, where wage and hour

18   class actions have settled prior to trial for millions of dollars, it is not uncommon for

19   an attorneys' fees award to be 25 to 33 percent of the settlement of the award. *See,*

20   *e.g., Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008), *quoting Shaw v.*

21   *Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000)("Empirical

22   studies show that, regardless whether the percentage method or the lodestar method is

23   used, fee awards in class actions average around one-third of the recovery.")  Using

24   this amount, the total attorneys' fees in controversy amount to nearly $4 million in

25   damages ($11,520,000 x 25% = $2,880,000).

26

27   above the $5 million threshold  alone ($8.00 x 8 x 15 x 6,000 = $5,760,000) even were
     the Court to assume that all putative class members only earned $8.00 per hour at the
28   time of their separations.

LITTLER MENDELSON, P.C.
0 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

1       Accordingly, although Defendant denies Plaintiff's claims of wrongdoing,

2 based on the foregoing, under the Class Action Fairness Act, Plaintiff's claims for

3 damages, penalties, attorneys' fees, and other monetary relief exceed the $5 million

4 jurisdictional limit of this Court, as required by 28 U.S.C ¶ 1332(d).  Removal of this

5 matter is therefore appropriate.

6 Dated: March 27, 2013             Respectfully submitted,

7

8

9 STEVEN A. GROODE
HEATHER M. DAVIS

10 LITTLER MENDELSON, P.C.
Attorneys for Defendant

11 PETSMART, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PETSMART, INC., a Delaware corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CASSANDRA PACE, as an individual and on behalf of all others similarly situated

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
02/20/2013 at 11:05:12 AM
Clerk of the Superior Court
By Linda Contreras,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* ORANGE COUNTY SUPERIOR | *(Número del Caso):* |
| 751 West Santa Ana Boulevard, Santa Ana, CA 92701 | 30-2013-00632358 |

Judge Wieben Stock

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

CX-105

Larry W Lee, Diversity Law Group, 550 S. Hope Street, Suite 2655, Los Angeles, CA 90071

| DATE: 2/25/13 | Alan Carlson *Linda Contreras* | , Deputy |
|---|---|---|
| *(Fecha)* | Clerk, by *(Secretario)* Linda Contreras | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

1   Larry W. Lee (State Bar No. 228175)
2   Daniel H. Chang (State Bar No. 183803)
    DIVERSITY LAW GROUP, P.C.
3   550 South Hope Street, Suite 2655
    Los Angeles, California 90071
4   (213) 488-6555
    (213) 488-6554 facsimile
5
6   Dennis S. Hyun (State Bar No. 224240)
    HYUN LEGAL, APC
7   550 South Hope Street, Suite 2655
    Los Angeles, California 90071
8   (213) 488-6555
    (213) 488-6554 facsimile
9
10  Attorneys for Plaintiff and the Class

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12        FOR THE COUNTY OF ORANGE - CIVIL COMPLEX CENTER

13

14  CASSANDRA PACE, as an individual and       CASE NO. 30-2013-00632358    CX-105
    on behalf of all others similarly situated,                            Judge Wieben Stock
15                                             CLASS ACTION COMPLAINT FOR
            Plaintiff,                         DAMAGES FOR VIOLATION OF
16                                             CALIFORNIA LABOR CODE §§ 201, 202,
        v.                                     AND 203
17
    PETSMART, INC., a Delaware
18  corporation; and DOES 1 through 50,        DEMAND FOR JURY TRIAL
    inclusive,
19                                             DEMAND OVER $25,000.00
            Defendants.
20

21

22

23

24

25

26

27

28

_____
                    CLASS ACTION COMPLAINT FOR DAMAGES

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
02/20/2013 at 11:05:12 AM
Clerk of the Superior Court
By Linda Contreras,Deputy Clerk

1         Plaintiff CASSANDRA PACE ("Plaintiff") hereby submits this Class Action Complaint

2 against Defendant PETSMART, INC. ("PetSmart" or "Defendant") and DOES 1 through 50

3 (hereinafter collectively referred to as "Defendants") on behalf of herself and the class of all other

4 similarly situated former employees of Defendants for all damages and injuries arising from

5 Defendants' violation of the California Labor Code, including without limitation, waiting-time

6 penalties pursuant Labor Code §§ 201-203, as follows:

7 **INTRODUCTION**

8      1.      This class action is within the Court's jurisdiction under California Labor Code §§

9 201-203, and the applicable Wage Orders of the California Industrial Welfare Commission

10 ("IWC").

11      2.      This complaint challenges systemic illegal employment practices resulting in

12 violations of the California Labor Code against individuals who worked for Defendants.

13      3.      Plaintiff is informed and believes, and based thereon alleges, that Defendants,

14 jointly and severally, have acted intentionally and with deliberate indifference and conscious

15 disregard to the rights of all employees in receiving all wages and/or commissions owed to

16 Plaintiff and Class Members upon their separation of employment from Defendants.

17      4.      Plaintiff is informed and believes, and based thereon alleges, that Defendants have

18 engaged in, among other things a system of willful violations of the California Labor Code by

19 creating and maintaining policies, practices and customs that knowingly deny employees the

20 above stated rights and benefits.

21      5.      The policies, practices and customs of defendants described above and below have

22 resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that

23 routinely adhere to the strictures of the California Labor Code.

24 **JURISDICTION AND VENUE**

25      6.      The Court has jurisdiction over the violations of the California Labor Code §§

26 201-203.

27      7.      Venue is proper in Orange County because Defendants do business in California,

28 including maintaining an office in the County of Orange.

1

**CLASS ACTION COMPLAINT FOR DAMAGES**

## PARTIES

8.     Plaintiff was hired by Defendants in or around 2008 and was paid wages through commissions. Defendants terminated Plaintiff's employment in or around August 2012. Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived her of the rights guaranteed to him by California Labor Code, including without limitation, §§ 201-203.

9.     Plaintiff is informed and believes, and based thereon alleges, that PetSmart was and is a Delaware corporation with numerous retail stores located in the State of California. PetSmart does business throughout the State of California.  PetSmart operates pet retail and grooming stores with numerous locations throughout the State of California, including in the County of Orange.

10.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendant and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11.     As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to California Labor Code §§ 201, 202, and 203.

12.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendant sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting

2

1   within the course and scope of said agency and employment.

2       14.    Plaintiff is informed and believes, and based thereon alleges, that at all times

3   material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or

4   joint venturer of, or working in concert with each of the other co-Defendants and was acting

5   within the course and scope of such agency, employment, joint venture, or concerted activity.  To

6   the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the

7   remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting

8   Defendants.

9       15.    At all times herein mentioned, Defendants, and each of them, were members of,

10  and engaged in, a joint venture, partnership and common enterprise, and acting within the course

11  and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

12      16.    At all times herein mentioned, the acts and omissions of various Defendants, and

13  each of them, concurred and contributed to the various acts and omissions of each and all of the

14  other Defendants in proximately causing the injuries and damages as herein alleged.. At all times

15  herein mentioned, Defendants, and each of them, ratified each and every act or omission

16  complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and

17  abetted the acts and omissions of each and all of the other Defendants in proximately causing the

18  damages as herein alleged.

19                          **CLASS ACTION ALLEGATIONS**

20      17.    **Definition:**  The named individual Plaintiff seeks class certification, pursuant to

21  California Code of Civil Procedure § 382.  Plaintiff proposes the following Class:

22      a.      All employees who were employed by Defendants in the State of California at any

23          time from February 20, 2010, through the present (the "Class"), whose employment was

24          separated for any reason (voluntary or involuntary), including without limitation,

25          resignation, termination, and/or lay-off;

26      b.      Plaintiff also proposes a sub-class of all former employees who were employed by

27          Defendants in the State of California at any time from February 20, 2010, through the

28          present, whose employment was separated for any reason (voluntary or involuntary),

                                         3
_____
                    CLASS ACTION COMPLAINT FOR DAMAGES

1    including without limitation, resignation, termination, and/or lay-off, and upon their

2    separation of employment received their final wages in the form of an ATM card (the

3    "ATM Card Sub-Class");

4        c.      Plaintiff also proposes a sub-class of all commissioned employees who were

5    employed by Defendants in the State of California at any time from February 20, 2010,

6    through the present, whose employment was separated for any reason (voluntary or

7    involuntary), including without limitation, resignation, termination, and/or lay-off, and

8    who received any of their commissions wages after their separation of employment (the

9    "Commission Sub-Class").

10       18.     **Numerosity and Ascertainability:**  The members of the Class are so numerous

11   that joinder of all members would be impractical, if not impossible.  The identity of the members

12   of the Class is readily ascertainable by review of Defendants' records, including payroll records.

13   Plaintiff is informed and believes, and based thereon alleges, that Defendants:  (a) violated Labor

14   Code §§ 201-203 by issuing payment of final wages to separated employees in the form of an

15   ATM card, which required employees to incur fees to use, was not fully cashable, and not usable

16   at all financial institutions and, thus, did not actually compensate employees for all wages owed

17   upon their separation; and (b) violated Labor Code §§ 201-203 by failing to pay all commissions

18   owed to all former commissioned employees at the time of their separation of employment.

19       19.     **Adequacy of Representation:**  The named Plaintiff is fully prepared to take all

20   necessary steps to represent fairly and adequately the interests of the class defined above.

21   Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and

22   individual Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions

23   in the past and currently have a number of wage-and-hour class actions pending in California

24   courts.

25       20.     Defendants uniformly administered a corporate policy, practice of: (a) violating

26   Labor Code §§ 201-203 by issuing payment of final wages to separated employees in the form of

27   an ATM card, which required employees to incur fees to use, was not fully cashable, and not

28   usable at all financial institutions and, thus, did not actually compensate employees for all wages

4

1    owed upon their separation; and (b) violating Labor Code §§ 201-203 by failing to pay all

2    commissions owed to all former commissioned employees at the time of their separation of

3    employment.

4          21.    Plaintiff is informed and believes, and based thereon alleges, that this corporate

5    conduct is accomplished with the advance knowledge and designed intent to willfully and

6    intentionally fail to accurately record proper rates of pay, hours worked, net wages, and

7    deductions.

8          22.    Plaintiff is informed and believes, and based thereon alleges, that Defendants had a

9    consistent and uniform policy, practice and procedure of willfully failing to comply with Labor

10   Code §§ 201-203.

11         23.    **Common Question of Law and Fact:**  There are predominant common questions

12   of law and fact and a community of interest amongst Plaintiff and the claims of the Class

13   concerning Defendant's policy and practice of:  (a) violating Labor Code §§ 201-203 by issuing

14   payment of final wages to separated employees in the form of an ATM card, which required

15   employees to incur fees to use, was not fully cashable, and not usable at all financial institutions

16   and, thus, did not actually compensate employees for all wages owed upon their separation; and

17   (b) violating Labor Code §§ 201-203 by failing to pay all commissions owed to all former

18   commissioned employees at the time of their separation of employment.

19         24.    **Typicality:**  The claims of Plaintiff are typical of the claims of all members of the

20   Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical

21   manner as the Class members.  Plaintiff is a former employee of Defendant.  Upon her

22   termination of employment in or around August 2012, she was issued her final pay through the

23   form of an ATM card.  Plaintiff, however, could not use the ATM card at all financial institutions

24   and was charged a fee to use the card.  Moreover, Plaintiff has been unable to access and use all

25   of the monies on the card.  Indeed, Plaintiff is informed and believes, and based thereon alleges,

26   that there is a balance of approximately $3.00 left on the ATM card, which she has been unable to

27   use/access.  As such, Plaintiff was not – and has not been – paid all wages due upon termination,

28   in violation of Labor Code §§ 201-203.  Further, Plaintiff was not paid all commissions upon her

5

CLASS ACTION COMPLAINT FOR DAMAGES

1   separation of employment.  Rather, Plaintiff received some commissions from Defendants after

2   her termination of employment.  Accordingly, Plaintiff is a victim of Defendants' violations of

3   Labor Code §§ 201-203 and, thus, is entitled to no less than 30 days' of waiting-time penalties.

4          25.     The California Labor Code and upon which Plaintiff bases her claims are broadly

5   remedial in nature.  These laws and labor standards serve an important public interest in

6   establishing minimum working conditions and standards in California.  These laws and labor

7   standards protect the average working employee from exploitation by employers who may seek to

8   take advantage of superior economic and bargaining power in setting onerous terms and

9   conditions of employment.

10          26.     The nature of this action and the format of laws available to Plaintiff and members

11  of the Class identified herein make the class action format a particularly efficient and appropriate

12  procedure to redress the wrongs alleged herein.  If each employee were required to file an

13  individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage

14  since it would be able to exploit and overwhelm the limited resources of each individual plaintiff

15  with their vastly superior financial and legal resources.  Requiring each Class member to pursue

16  and individual remedy would also discourage the assertion of lawful claims by employees who

17  would be disinclined to file an action against their former and/or current employer for real and

18  justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

19          27.     The prosecution of separate actions by the individual class members, even if

20  possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect

21  to individual Class members against the Defendants and which would establish potentially

22  incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to

23  individual Class members which would, as a practical matter, be dispositive of the interest of the

24  other Class members not parties to the adjudications or which would substantially impair or

25  impede the ability of the Class members to protect their interests.  Further, the claims of the

26  individual members of the Class are not sufficiently large to warrant vigorous individual

27  prosecution considering all of the concomitant costs and expenses.

28          28.     Such a pattern, practice and uniform administration of corporate policy regarding

6

1   illegal employee compensation described herein is unlawful and creates an entitlement to

2   recovery by Plaintiff and the Class identified herein, in a civil action, for unpaid reimbursements,

3   applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of

4   California Labor Code §§ 201-203, and 218.5, and Code of Civil Procedure § 1021.5.

5       29.    Proof of a common business practice or factual pattern, which the named Plaintiff

6   experienced and is representative of, will establish the right of each of the members of the

7   Plaintiff Class to recovery on the causes of action alleged herein.

8       30.    The Plaintiff Class is commonly entitled to a specific fund with respect to the

9   compensation illegally and unfairly retained by Defendants.  The Plaintiff Class is commonly

10  entitled to restitution of those funds being improperly withheld by Defendants.  This action is

11  brought for the benefit of the entire class and will result in the creation of a common fund.

12                          **FIRST CAUSE OF ACTION**

13                  **VIOLATION OF LABOR CODE §§ 201-203**

14         **(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

15      31.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as

16  though fully set for herein.

17      32.    Labor Code § 201 provides that all wages earned and unpaid at the time of an

18  employee's discharge are due and payable immediately.  Labor Code § 202 provides that, in the

19  case of an employee who resigns or quits, such wages must be paid not later than 72 hours

20  thereafter, unless the employee has given 72 hours previous notice, in which case the employee

21  must be paid all wages due and earned at the time of quitting.  Labor Code § 203 provides that an

22  employer who willfully fails to pay such wages due to an employee who is discharged or quits

23  must pay that employee waiting-time penalties in the form of a day's wages up to 30 days until all

24  of the wages owed are paid.

25      33.    As a pattern and practice, Defendants regularly and willfully failed and refused to

26  pay all wages (including commissions) due and earned to discharged employees at the time of

27  their termination, or within 72 hours of employees who quit and/or have resigned, or at the time

28  of termination for those employees who gave 72 hours' notice.  More specifically, Defendants

7

CLASS ACTION COMPLAINT FOR DAMAGES

1   violated Labor Code §§ 201-203 by, among other unlawful acts, issuing ATM cards as final

2   payment of wages to employees who have been discharged and/or resigned.  As alleged herein,

3   these ATM cards were not usable at all locations, required fees for usage in some instances, and

4   did not allow employees to access all of the monies contained on such cards.  Further, as alleged

5   herein, Defendants did not pay all commissions owed to employees at the time of their discharge

6   or within 72 hours of their resignation, as required by Labor Code §§ 201-203.

7          34.   As such, Defendants had a uniform corporate pattern and practice and procedure

8   regarding the above practices in violation of California Labor Code §§ 201-203.

9          35.   Such a pattern, practice and uniform administration of corporate policy regarding

10  illegal employee compensation as described herein is unlawful and creates an entitlement to

11  recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed,

12  including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of

13  California Labor Code §§ 201-203, and 218.5.

14                          **PRAYER FOR RELIEF**

15         1.    For an order certifying the proposed classes;

16         2.    For an order appointing Plaintiff as the representative of the classes as described

17  herein;

18         3.    For an order appointing Counsel for Plaintiff as class counsel;

19         4.    Upon the First Cause of Action, for damages and/or penalties pursuant to statute as

20  set forth in Labor Code §§ 201-203, and for costs and attorneys' fees, including pursuant to Labor

21  Code § 218.5 and California Code of Civil Procedure § 1021.5; and

22         5.    For such other and further relief the Court may deem just and proper.

23  Dated: February 20, 2013              DIVERSITY LAW GROUP, P.C.

24

25                                  By: _____

26                                      LARRY W. LEE
                                        Attorneys for Plaintiff and the Class
27

28

                                        8

CLASS ACTION COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2

Plaintiff, for herself and the Class, hereby demands a jury trial as provided by California

3

law.

4

5

DATED:  February 20, 2013

DIVERSITY LAW GROUP, P.C.

6

7

By:_____

8

Larry W. Lee
Attorneys for PLAINTIFF and the CLASS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

CLASS ACTION COMPLAINT FOR DAMAGES

# EXHIBIT B

1   STEVEN A. GROODE, Bar No. 210500
    HEATHER M. DAVIS, Bar No. 239372
2   LITTLER MENDELSON, P.C.
    2049 Century Park East, 5th Floor
3   Los Angeles, CA  90067.3107
    Telephone:    310.553.0308
4   Fax No.:      310.553.5583

5   Attorneys for Defendant
    PETSMART, INC.

6

7

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
03/26/2013 at 10:30:00 AM
Clerk of the Superior Court
By Olga Lopez,Deputy Clerk

8                   SUPERIOR COURT OF CALIFORNIA

9             COUNTY OF ORANGE-CIVIL COMPLEX CENTER

10  CASSANDRA PACE, as an individual and        Case No.  30-2013-00632358
    on behalf of all others similarly situated,
11                                              ASSIGNED FOR ALL PURPOSES TO
                   Plaintiff,                   JUDGE WIEBEN STOCK, DEPT. CX-105
12
          v.                                    **DEFENDANT PETSMART, INC.'S
13                                              ANSWER TO PLAINTIFF'S CLASS
    PETSMART, INC., a Delaware                  ACTION COMPLAINT FOR DAMAGES
14  corporation; and DOES 1 through 50,         FOR VIOLATION OF CALIFORNIA
    inclusive,                                  LABOR CODE §§ 201, 202, 203**
15
                   Defendants.                  Complaint Filed:  February 20, 2013
16

17

18

19

20

21

22

23

24

25

26

27

28

    Firmwide:119247435.2 037653.1386

          DEF. PETSMART, INC.'S ANSWER TO PLAINTIFF CASANDRA PACE'S CLASS ACTION COMPLAINT

1   COMES NOW Defendant PETSMART, INC. ("Defendant" or "PetSmart"), on behalf of

2   itself and no other defendant, in answer to the unverified putative Class Action Complaint of

3   Plaintiff CASSANDRA PACE ("Plaintiff") as follows:

4                                   **GENERAL DENIAL**

5   Pursuant to the provisions of Code of Civil Procedure section 431.30, Defendant generally

6   denies each and every allegation contained in the Complaint, and further denies that Plaintiff is

7   entitled to compensatory damages, penalties, attorneys' fees, prejudgment interest, costs of suit, or

8   any other relief of any kind whatsoever.

9                       **AFFIRMATIVE AND OTHER DEFENSES**

10  Defendant asserts the following affirmative and other defenses.  In so doing, Defendant does

11  not concede that it has the burden of production or proof as to any defense asserted below.  Further,

12  Defendant does not presently know all the factors concerning Plaintiff's conduct sufficient to state

13  all affirmative defenses at this time.  Accordingly, Defendant will seek leave of this Court to amend

14  this Answer should it later discover facts demonstrating the existence of additional affirmative

15  defenses.

16                                   **FIRST DEFENSE**

17                              (Inadequate Representation)

18        1.      As a separate and distinct defense, Defendant alleges that the Complaint and each

19  cause of action set forth therein are barred because Plaintiff lacks standing as a representative of the

20  group of allegedly similarly situated individuals she seeks to represent, and does not adequately

21  represent the putative former employees of Defendant.

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:119247435.2 037653.1386                            1.

DEF. PETSMART, INC.'S ANSWER TO PLAINTIFF CASANDRA PACE'S CLASS ACTION COMPLAINT

## SECOND DEFENSE

### (Collateral Estoppel/Res Judicata)

2.    As a separate and distinct defense to the Complaint, Defendant alleges that the Complaint and each cause of action asserted therein or some of them, are barred by collateral estoppel and/or res judicata insofar as Plaintiff and/or individual putative aggrieved employees have litigated or will litigate issues raised by the Complaint prior to adjudication of those issues in the instant action.

## THIRD DEFENSE

### (Waiver and Release)

3.    As a separate and distinct defense to the Complaint, Defendant alleges that the Complaint and each cause of action asserted therein or some of them, is barred by waiver and release insofar as Plaintiff and/or individual putative class members have released or will release Defendant from liability for such claims asserted in the Complaint prior to adjudication of those claims in the instant action.

## FOURTH DEFENSE

### (Accord and Satisfaction)

4.    As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action asserted therein or some of them, is barred by the doctrine of accord and satisfaction.

## FIFTH DEFENSE

### (Statute of Limitations)

5.    As a separate and distinct defense, Defendant alleges that the Complaint and each purported cause of action asserted therein, or some of them, is barred in whole or in part by the applicable statute(s) of limitation, including without limitation, the limitations period set forth in California Code of Civil Procedure section 338.

## SIXTH DEFENSE

### (Mitigation of Damages)

6.    As a separate and distinct defense, Defendant alleges that it is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:119247435.2 037653.1386                    2.

DEF. PETSMART, INC.'S ANSWER TO PLAINTIFF CASANDRA PACE'S CLASS ACTION COMPLAINT

1   that, Plaintiff has failed to exercise reasonable care to mitigate her damages, if any were suffered,

2   and that her right to recover against Defendant should be reduced and/or eliminated by such a

3   failure.

**SEVENTH DEFENSE**

(Offset)

6   7.   As a separate and distinct defense, Defendant alleges that the Complaint and each

7   cause of action therein, or some of them, is barred in whole or in part against Defendant because

8   Plaintiff's recovery, if any, must be offset by any benefits and/or other monies they have received or

9   will receive, including overpayments by Defendant, if any.

**EIGHTH DEFENSE**

(Avoidable Consequences)

12   8.   As a separate and distinct defense, Defendant alleges that the Complaint is barred, or

13   any recover should be reduced, pursuant to the avoidable consequences doctrine because Defendant

14   took reasonable steps to prevent and correct improper wage payments, if any, and to ensure

15   compliance with the California Labor Code.   Plaintiff, and/or the putative class members,

16   unreasonably failed to use the preventative and corrective opportunities provided to them by

17   Defendant, and reasonable use of Defendant's procedures would have prevented at least some, if not

18   all, of the harm that Plaintiff, and/or the putative class members allegedly suffered.

**NINTH DEFENSE**

(No Uniform Practice Causing Plaintiffs' Harm)

21   9.   As a separate and distinct defense, Defendant alleges that Plaintiff's alleged injuries

22   were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated

23   and/or tolerated by Defendant.

**TENTH DEFENSE**

(Laches, Waiver, Estoppel and Unclean Hands)

26   10.   As a separate and distinct defense, Defendant alleges that some or all of the

27   Complaint and each cause of action therein, or some of them, is barred in whole or in part by the

28   equitable doctrines of laches, waiver, estoppel and/or unclean hands.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:119247435.2 037653.1386                3.

DEF. PETSMART, INC.'S ANSWER TO PLAINTIFF CASANDRA PACE'S CLASS ACTION COMPLAINT

**ELEVENTH DEFENSE**

(Plaintiff Avoided Tendered Payments)

11.     As a separate and distinct defense, Defendant alleges that the Complaint cannot be maintained against Defendant because Plaintiff, and/or some of the putative class members, secreted or absented themselves to avoid payment of wages, thereby relieving Defendant of liability for penalties under Labor Code sections 201-203.

**TWELFTH DEFENSE**

(*Bona Fide* Dispute)

12.     As a separate and distinct defense to the Complaint and each cause of action therein, Defendant alleges that such claims are barred because there is a *bona fide* dispute as to whether further compensation is actually due to Plaintiff, and/or some of the putative class members, and, if such compensation is due, as to the amount of such further compensation.

**THIRTEENTH DEFENSE**

(Class Action Deficiencies)

13.     As a separate and distinct defense, Defendant alleges, as to each purported cause of action set forth in the Complaint as a class action, that this suit may not be properly maintained as a class action because:  (a) Plaintiff has failed to plead, and cannot establish the necessary procedural elements for, such treatment; (b) a representative or class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (c) common issues of fact or law do not predominate, rather, to the contrary, individual issues predominate; (d) Plaintiff's claims are not representative or typical of the claims of the putative class; (e) Plaintiff cannot fairly and adequately represent the interests of the purported class; (f) Plaintiff and alleged putative class counsel are not adequate representatives for the alleged putative class; (g) class treatment is neither appropriate nor constitutional under the circumstances in this case; and/or (h) a well-defined community of interest in the questions of law and/or fact affecting Plaintiff does not exist.

LITTLER MENDELSON, P.C
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:119247435.2 037653.1386                    4.

DEF. PETSMART, INC.'S ANSWER TO PLAINTIFF CASANDRA PACE'S CLASS ACTION COMPLAINT

**FOURTEENTH DEFENSE**

(Good Faith)

14.     As a separate and distinct defense, Defendant alleges that any act or omission giving rise to any failure to pay Plaintiff all wages owed upon separation was done in good faith and that it had reasonable grounds for believing that the act or omission was not a violation of any provision of the Labor Code or an order of the Industrial Welfare Commission and, accordingly, Plaintiff, and/or some of the put are not entitled to waiting time penalties.

**FIFTEENTH DEFENSE**

(Due Process)

15.     As a separate and distinct defense to the Complaint, Defendant alleges that the imposition of penalties, as applied to the alleged facts and circumstances of this case, would violate Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California. *Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005); *Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412 (S.D.N.Y. 1972).

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing and that the Complaint be dismissed in its entirety with prejudice;

2.     That judgment be entered in Defendant's favor;

3.     That Defendant be awarded its attorneys' fees and costs of suit herein; and

4.     That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: March 26, 2013                Respectfully submitted,

LITTLER MENDELSON, P.C.

STEVEN A. GROODE
HEATHER M. DAVIS
Attorneys for Defendant
PETSMART, INC.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:119247435.2 037653.1386                5.

DEF. PETSMART, INC.'S ANSWER TO PLAINTIFF CASANDRA PACE'S CLASS ACTION COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On March 26, 2013, I served the within document(s):

DEFENDANT PETSMART, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202, 203

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Larry W. Lee, Esq.
Daniel H. Chang, Esq.
Diversity Law Group, P.C.
550 S. Hope Street, Suite 2655
Los Angeles, CA 90071
Phone: 213.488.6555
Fax: 213.488.6554

Dennis S. Hyun, Esq.
Hyun Legal, APC
550 S. Hope Street, Suite 2655
Los Angeles, CA 90071
Phone: 213.488.6555
Fax: 213.488.6554

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

Firmwide:119027726.1 037653.1386

1.

PROOF OF SERVICE

1         I am readily familiar with the firm's practice of collection and processing

2   correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

3   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

4   deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

5   thereon fully prepaid in the ordinary course of business.

6         I declare under penalty of perjury under the laws of the State of California that the

7   above is true and correct.  Executed on March 26, 2013, at Los Angeles, California.

8

9   _____

10                        Maria Lozano

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ITLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

Firmwide:119027726.1 037653.1386

2.

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Larry W. Lee<br>Diversity Law Group<br>550 South Hope Street, Suite 2655<br>Los Angeles, CA 90071<br>TELEPHONE NO.: (213) 488-6555     FAX NO.: (213) 488-6554<br>ATTORNEY FOR (Name): lwlee@diversitylaw.com | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of Orange<br>02/20/2013 at 11:05:12 AM<br>Clerk of the Superior Court<br>By Linda Contreras, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange**
STREET ADDRESS: 751 W Santa Ana Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
**CASSANDRA PACE V. PETSMART, INC.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2013-00632358 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder | JUDGE: Judge Wieben Stock |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: CX-105 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [✓] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify):
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 20, 2013
Larry W. Lee
_____
(TYPE OR PRINT NAME)          ▶ _____
                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
 Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
 Physicians & Surgeons
 Other Professional Health Care
 Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
 and fall)
 Intentional Bodily Injury/PD/WD
 (e.g., assault, vandalism)
 Intentional Infliction of
 Emotional Distress
 Negligent Infliction of
 Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
 *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
 Contract *(not unlawful detainer
 or wrongful eviction)*
 Contract/Warranty Breach–Seller
 Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
 Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
 Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
 domain, landlord/tenant, or
 foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
 Case Matter
 Writ–Other Limited Court Case
 Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
 Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
 County)
 Confession of Judgment *(non-
 domestic relations)*
 Sister State Judgment
 Administrative Agency Award
 *(not unpaid taxes)*
 Petition/Certification of Entry of
 Judgment on Unpaid Taxes
 Other Enforcement of Judgment
 Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
 harassment)*
 Mechanics Lien
 Other Commercial Complaint
 Case *(non-tort/non-complex)*
 Other Civil Complaint
 *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
 Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
 Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT D

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DIVERSITY LAW GROUP, P.C.<br>Larry W. Lee, Esq. (SBN 228175); Daniel H. Chang, Esq. (SBN 183803)<br>550 South Hope Street, Suite 2655<br>Los Angeles, California 90071<br>  TELEPHONE NO.: (213) 488-6555   FAX NO. *(Optional):* (213) 488-6554<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff and the Class | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 West Santa Ana Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: CIVIL COMPLEX CENTER

| PLAINTIFF/PETITIONER: CASSANDRA PACE, etc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PETSMART, INC., a Delaware corporation | 30-2013-00632358 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>975520K |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* GUIDELINES - ALL COMPLEX CIVIL DEPARTMENTS

3. a. Party served *(specify name of party as shown on documents served):*
      PETSMART, INC., a Delaware corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      The Corporation Company, Agent for service of process served to Shelly Rocha, Agent

4. Address where the party was served:
   555 Capitol Mall, Suite 1000, Sacramento, California 95814
5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 02/27/2013     (2) at *(time):* 12:20 p.m.
   b. ☐ by substituted service. On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: CASSANDRA PACE, etc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PETSMART, INC., a Delaware corporation | 30-2013-00632358 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*  PETSMART, INC., a Delaware corporation
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                             ☐ other:

7. **Person who served papers**
  a. Name: Jebb Mirell, Ace Attorney Service, Inc.
  b. Address: 901 F Street, Suite 150, Sacramento, California 95814
  c. Telephone number: (916) 447-4000
  d. **The fee for service was:** $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner  ☑ employee  ☐ independent contractor.
      (ii) Registration No.: 2011-39
      (iii) County: SACRAMENTO

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 1, 2013

JEBB MIRELL                    ▶
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE )

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CASSANDRA PACE, as an individual and on behalf of all others similarly situated

**DEFENDANTS**
PETSMART, INC., a Delaware Corporation; and DOES 1-50, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Larry W. Lee, SBN 228175
Daniel H. Chang, SBN 183803
DIVERSITY LAW GROUP P.C.
550 South Hope Street, Suite 2655
Los Angeles, CA 90071
213.488.6554

Attorneys (If Known)
Steven A. Groode, SBN 128065
Heather M. Davis, SBN 239372
LITTLER MENDELSON, P.C.
2049 Century Park East, Fifth Floor
Los Angeles, CA  90067
310.553.0308

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine |  | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 22 Appeal 28 USC 158 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment |  | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | ☐ 61 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability |  | ☐ 444 Welfare | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions |  |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
|  | ☐ 245 Tort Product Liability |  |  |  |  |
|  | ☐ 290 All Other Real Property |  |  |  |  |

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
      ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
      ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Arizona |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Heather M. Davis_      Date March 27, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV13- 500 DOC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [✔] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY